UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARGARET McGREGOR,

     Plaintiff,

v.                       CASE No. 8:08-CV-2361-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

     Defendant.

---

## O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

The plaintiff, who was forty-eight years old at the time of the administrative hearing and who has some college education, has worked as a certified nursing assistant, stocker, waitress, and cashier (Tr. 371, 373, 376).

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to heart failure, an overactive thyroid, and water on the lungs (Tr. 89). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had a severe impairment of Grave's disease (Tr. 14). The law judge concluded that, in light of that impairment, the plaintiff had the following residual functional capacity (Tr. 16-17):

> [The ability to] perform sedentary work ... with limitations for occasionally lifting and/or carrying 10 pounds; frequently lifting and/or carrying less than 10 pounds; standing and/or walking for a total of at least two hours in an eight-hour workday and sitting for a total of about six hours in an eight hour workday, with the ability to change positions every 60 minutes. She can frequently climb, balance, stoop, kneel, crouch, crawl, and bend but must avoid concentrated exposure to extremes of cold, heat, wetness, humidity and fumes.

The law judge determined that these limitations prevented the plaintiff from performing past work (Tr. 21). However, based upon the testimony of a vocational expert, the law judge found that the plaintiff could perform jobs that exist in significant numbers in the national economy, such as scheduler,

appointment clerk, credit card clerk, and charge account clerk (Tr. 22). Accordingly, she decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales,

-3-

402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305

U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact

made by administrative agencies ... may be reversed ... only when the record

compels a reversal; the mere fact that the record may support a contrary

conclusion is not enough to justify a reversal of the administrative findings."

Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert.

denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the

courts, to resolve conflicts in the evidence and to assess the credibility of the

witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is

the responsibility of the Commissioner to draw inferences from the evidence,

and those inferences are not to be overturned if they are supported by

substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir.

1963).

Therefore, in determining whether the Commissioner's decision

is supported by substantial evidence, the court is not to reweigh the evidence,

but is limited to determining whether the record as a whole contains sufficient

evidence to permit a reasonable mind to conclude that the claimant is not

disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 404.1520, 416.920. One of the threshold inquiries (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c), 416.920(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 404.1521(a), 416.921(a). If an impairment is not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c), 416.920(c).

When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(f), 416.920(f). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in substantial numbers in the national economy. 20 C.F.R. 404.1520(g), 416.920(g). In such cases, the regulations direct that an individual's residual functional capacity, age, education, and

work experience be considered in determining whether the claimant is disabled.

III.

The law judge, as indicated, found that the plaintiff had a severe physical impairment of Grave's disease (Tr. 14). She found further that this disorder limited the plaintiff to a range of sedentary work, but that it did not render her disabled in light of testimony from a vocational expert. The plaintiff raises no challenge to any findings related to the plaintiff's physical condition.

The plaintiff's sole challenge concerns her mental status (Doc. 21, pp. 5-7). The law judge found that "the claimant's medically determinable mental impairment of late onset dysthymic disorder does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore nonsevere" (Tr. 15). The law judge explained this finding in detail (Tr. 15-16). The plaintiff contends that the law judge erred in finding that the plaintiff's mental impairment was nonsevere. The evidence, however, does not compel a finding that the plaintiff has a severe mental impairment. Moreover, even if the law judge

-6-

had erred in this respect, the plaintiff's challenge would fail because she did not demonstrate that she had any mental functional limitations.

The regulations define a nonsevere impairment as one that "does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. 404.1521(a), 416.921(a). The court of appeals has stated that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). The law judge applied this principle in her decision (Tr. 13).

The plaintiff's claim of a severe mental impairment is not supported by any evidence from a treating psychiatrist or psychologist since the plaintiff has not been treated by such a mental health professional. Accordingly, the Social Security Administration sent the plaintiff to Dr. Steven N. Kanakis for a psychological evaluation. The law judge recounted Dr. Kanakis's findings at length and found them persuasive (Tr. 15). Significantly, the plaintiff does not assert that Dr. Kanakis's findings do not support the law judge's conclusion of a nonsevere mental impairment.

Moreover, following Dr. Kanakis's evaluation, the evidence was reviewed by a non-examining psychiatrist and a non-examining psychologist. Each opined that the plaintiff had a nonsevere mental impairment (Tr. 233, 238).

In addition, the law judge also found persuasive the opinion of Marlene Swartz, a licensed mental health counselor (Tr. 15). The plaintiff saw Swartz between February and June 2007 (id.). In June 2007, Swartz noted (Tr. 182): "Instructed client to continue with medical treatment as problems appear to be more medical than emotional. Discontinue mental health treatment."

The plaintiff's attempts to overcome this evidence are unavailing. In this respect, the plaintiff points to the fact that, after seeing the plaintiff for the first time on February 19, 2007, Swartz diagnosed the plaintiff with "Major Depression, recurrent with psychosis" and assigned her a Global Assessment of Functioning ("GAF") score of 41 (Tr. 184).[2]

---

[2]The GAF scale "[c]onsider[s] psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders, (DSM-IV-TR) (4th ed., Text Revision), p. 34. A rating of 41-50 reflects "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)" (id.).

However, this circumstance is negated by the law judge's statement that "by June 2007, LMHC Swartz noted the claimant was 'doing better' and discharged her from mental health treatment because her problems appeared to be 'more medical than emotional'" (Tr. 15). Moreover, a single GAF score does not provide solid evidence of a severe mental impairment. See DeBoard v. Commissioner of Social Security, 211 Fed. Appx. 411, 415 (6th Cir. 2006)(unpub. dec.). The Commissioner has declined to endorse the use of GAF scores in disability determinations. Wind v. Barnhart, 133 Fed. Appx. 684, 692 n. 5 (11th Cir. 2005)(unpub. dec.). Consequently, Swartz's initial and single GAF score carries no meaningful weight.

The plaintiff also argues that she was treated at The Harbor Behavioral Health Care Institute and assessed a GAF of 30 (Doc. 21, p. 6). Thus, in March 2005, the plaintiff was involuntarily admitted for medical treatment to a hospital for her thyroid condition, because the plaintiff was not taking care of her own medical needs and she was experiencing agitation and psychosis (Tr. 281). The plaintiff's treating doctors at the hospital opined that the agitation and psychosis she was experiencing could be the result of the plaintiff's untended thyroid condition (Tr. 291, 298). Subsequently, she was transferred to The Harbor on March 31, 2005, for mental evaluation and,

as indicated, was assessed a GAF score of 30 (Tr. 283, 290-91). However, the plaintiff failed to mention that the following day, ARNP John Femenella, evaluated her for discharge and assigned her a GAF score of 60 (Tr. 279, 285).[3] Significantly, the Eleventh Circuit has indicated that a GAF of 60 does not mean that a claimant has a severe impairment. Ward v. Astrue, 286 Fed. Appx. 647, 650 n. 1 (11th Cir. 2008)(unpub. dec.). Moreover, Femenella commented, "[t]he patient has a medical issue which she is addressing.... No psychiatric disorders at this point" (Tr. 286). Consequently, the plaintiff's one-day GAF of 30 provides no support for a claim of a severe mental impairment.

In addition, the plaintiff told Dr. Kanakis that her hospitalization involved "suffering a period of agitation and confusion due to uncontrolled thyroid disease in March 2005" (Tr. 274). In other words, the plaintiff attributed that incident to her physical problem, and not a mental impairment. Under these circumstances, the law judge's finding that the plaintiff's mental impairment was nonsevere is supported by substantial evidence. The plaintiff

---

[3]A rating of 60 reflects "[m]oderate symptoms (e.g. flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g.. few friends, conflicts with peers or co-workers)." Diagnostic and Statistical Manual of Mental Disorders, (DSM-IV-TR) (4th ed., Text Revision), p. 34. Moreover, it is on the border of only mild symptoms. Id.

clearly has not shown that the evidence compels a finding that the impairment is severe.

Furthermore, even if the plaintiff had demonstrated that the law judge mischaracterized the mental impairment as nonsevere, she has nevertheless failed to demonstrate that the mischaracterization constitutes reversible error. As the Commissioner points out, the law judge did not stop the sequential analysis at step two (Doc. 22, p. 11). Rather, because the law judge found that the plaintiff had a severe impairment of Grave's disease, she determined the plaintiff's residual functional capacity and proceeded through to step five. Accordingly, the law judge did not err by stopping the sequential analysis too soon. See Mariarz v. Secretary of Health & Human Services, 837 F.2d 240, 244 (6th Cir. 1981).

In this circumstance, the plaintiff, in order to establish reversible error, needed to show that her mental impairment caused functional limitations. The plaintiff, however, has not even identified what mental functional limitations she allegedly suffers, much less attempted to show by citation to the medical record that the evidence compels a finding of mental functional limitations (see Doc. 15, p. 2). Significantly, at the hearing, the plaintiff testified that it is her thyroid that limits her (Tr. 380). Due to the

plaintiff's failure to establish mental functional limitations, she cannot demonstrate that the law judge's finding of a nonsevere mental impairment constituted reversible error.

The plaintiff also asserts that the law judge erred because she did not obtain another consultative exam or have a medical expert testify (Doc. 21, p. 7). Significantly, the plaintiff's representative made no such requests either before, or at, the administrative hearing. As indicated, the Social Security Administration had already purchased a consultative mental examination. In light of the evidence from Dr. Kanakis, as well as the evidence from Swartz in 2007, the plaintiff has not shown any need for a second examination since there are no gaps in the record that need to be filled. See Doughty v. Apfel, 245 F.3d 1274, 1281 (11th Cir. 2001). The plaintiff also has not demonstrated that there is medical evidence in the record that requires a medical expert to be at the hearing in order to explain it. Accordingly, this belated request cannot save this meritless claim, particularly since it is speculative to think that this additional information would change the result.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 11th day of January, 2010.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE